IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-03934 |
| | ) |
| NORTHWESTERN UNIVERSITY, | ) Honorable Elaine E. Bucklo |
| | ) |
| Defendant. | ) |

MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT IN
LIEU OF RESPONSE TO DEFENDANT'S MOTION TO DISMISS

NOW COMES, Plaintiff, John Doe, by and through his attorneys, Gianna R. Scatchell and Nicollette Haines of Disparti Law Group, P.A., and moves this Honorable Court for leave to file his First Amended Complaint in lieu of responding to Defendant, Northwestern's ("NU") Motion to Dismiss for the reasons that follow:

1. John filed his Complaint on July 28, 2022, alleging various counts including violations of Title IX, the Americans with Disabilities Act, and the Rehabilitation Act. *See Dkt. 1*.

2. On September 23, 2022, Defendant NU filed a Motion to Dismiss alleging that federal law was inapplicable to John's claims since he is not a U.S. citizen and the events took place in Qatar. *See Dkt. 15*.

3. On October 18, 2022, Plaintiff filed an unopposed Motion to Extend the time to respond to Defendant's Motion to Dismiss, given an unexpected family emergency. *Dkt. 18*.

4. Defendant's allegations, while true, urge the Court to deny an extraterrestrial application of such laws.

5. NU's Motion disregards that most, if not all, of the disciplinary allegations that led to this Complaint resulted from NU's US-based conduct in Evanston, Illinois.

1

6. Plaintiff realizes that the facts of this case are cumbersome and contradictory and requests an opportunity to clarify that the disciplinary proceedings occurred remotely in Evanston, Illinois where NU's administrators conducted John's disciplinary proceedings remotely over 6,000 miles away. Accordingly, the aforementioned federal laws apply and the extra-territorial application of the laws is inapplicable.

7. Plaintiff attaches the proposed First Amended Complaint to:
   a. clarify that NU's locus of control over the disciplinary proceedings involved NU's U.S.-based administrators and their conduct committed in the United States.
   b. provide more specific pleadings regarding U.S.-based conduct and lack of clarity in the policies and procedures NU is bound by.
   c. remove the due process claim because Plaintiff agrees it is inapplicable.
   d. provide more specificity to Plaintiff's claims by attaching the relevant policies to the First Amended Complaint (Exhibits 1-3).
   e. Plaintiff requests leave to add two state law counts breach of contract and negligent infliction of emotional distress.

8. To the extent that the First Amended Complaint amplifies the legal theories and applicable federal and state law under which John is proceeding, his amendment should be considered a more technical correction that clarifies the legal theories, laws, or lack of clarity relied upon by John.

9. Under Rule 15(a)(2), leave to amend should be given freely when justice so requires. See Fed. R. Civ. P. 15(a)(2). Leave to amend is only "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by allowing the

amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

10. This rule is generally construed liberally so long as the defendant has not been prejudiced by the amendment. Here, it cannot be said NU will be prejudiced by the amendment because NU is on notice of the basis of why John complains.

11. In addition, there has been no undue delay, bad faith, or dilatory motive by Plaintiff. This case is currently still in the pleading stage with Defendants having filed only Motion to Dismiss recently.

12. Accordingly, Plaintiff requests that this Court grant its proposed First Amended Complaint in lieu of responding to Defendant's Motion to Dismiss. The proposed First Amended Complaint is attached hereto as Exhibit A (tracked changes) and Exhibit B (accepted changes).

WHEREFORE, Plaintiff, John Doe ("Plaintiffs") respectfully requests that this Court enter an order granting leave to file the attached First Amended Complaint and for such other relief that the Court deems just.

Respectfully submitted,

John Doe

s/ Gianna Scatchell
s/Nicollette Haines

Gianna R. Scatchell, Esq.
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 330
F: (312) 846-6363
E: gia@dispartilaw.com

Nicollette Haines, Esq.

3

DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 334
F: (312) 846-6363
E: nicollette@dispartilaw.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing Complaint was filed on this Court's CM/ECF filing system on November 3, 2022 and that such counsels are all registered e-filers.

/s/ Gianna Scatchell
_____

One of Plaintiff's Attorneys

4